UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NEW ENGLAND SURFACES<br>d/b/a DION DISTRIBUTORS, INC.<br><br>       Plaintiff,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS<br>AND COMPANY d/b/a DUPONT<br>and PARKSITE, INC.<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)  Docket No. 06-cv-89-P-S<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiff New England Surfaces' Motion for Leave to File a Second Amended Complaint (Docket # 57). Defendants E.I. Du Pont de Nemours and Company ("DuPont") and Parksite, Inc. ("Parksite") have filed Responses in Opposition to the Motion (Docket #s 59 & 60). As briefly explained below, the Court GRANTS the Motion.

In this litigation, New England Surfaces asserts various claims against DuPont and Parksite arising from the termination of a business relationship between the parties. New England Surfaces previously has filed an Amended Complaint, prior to the filing of a responsive pleading. (Docket # 18). Since the Amended Complaint was filed, Defendant DuPont has answered the Amended Complaint (Docket # 43) and filed a Motion to Dismiss all but Counts IX and XVI of the Amended Complaint (Docket # 44). Defendant Parksite has answered the Complaint (Docket # 47) and joined DuPont's

Motion to Dismiss (Docket # 49).  New England Surfaces now seeks to add a breach of contract claim and a claim alleging violation of the Maine Unfair Sales Act through the proposed Second Amended Complaint.

A Motion to Amend a Complaint under Federal Rule of Civil Procedure 15(a) is evaluated by the Court based on the stage and timing of the litigation.  See Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004).  A plaintiff is allowed to amend a complaint once as a matter of course prior to the filing of a responsive pleading.  Once a responsive pleading has been filed, however, the permission of the court or written consent of the defendant(s) is required.   Pursuant to Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires," unless the amendment "would be futile, or reward, inter alia, undue or unintended delay." Steir, 383 F.3d at 12. Further, Rule 15(a) requires that motions to amend be granted liberally by the Court.  See Federal Deposit Ins. Corp. v. Consolidated Mortg. & Finance Corp., 805 F.2d 14, 16 (1st Cir. 1986).

In the present case, discovery has not commenced nor has the Court ruled on the Defendants' Motion to Dismiss.  Therefore, because this case is at an early stage of litigation, the Court finds that leave to file a Second Amended Complaint will not cause undue delay or prejudice to the Defendants.  Pursuant to the liberal standard of amending a complaint, the Court GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint.  Plaintiff shall file the Second Amended Complaint as tendered via Exhibit 1 to Plaintiff's Motion (Docket # 57).

Also before the Court is Defendants DuPont and Parksite's Motion to Dismiss all but Counts IX and XVI under Federal Rule of Civil Procedure 12(b)(6) (Docket #s 44 &

49). The Court reserves judgment on the Motion to Dismiss pending any additional briefing by the parties. The Defendant(s) shall file any additional briefing within twenty (20) days of this order or inform the court if no additional briefing shall be forthcoming. The Plaintiff shall have ten (10) days following the Defendants' additional briefing to file any response.

Upon receipt of Plaintiff's response (or notification by Defendants that they will not be filing supplemental briefs), the Court will rule on all issues raised and briefed by the parties in the Motion to Dismiss (Docket #s 44, 48 & 49) and any additional briefing provided pursuant to this order.

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 23rd day of August, 2006.