## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NEW ENGLAND SURFACES<br>d/b/a DION DISTRIBUTORS, INC.<br><br>Plaintiff,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS<br>AND COMPANY d/b/a DUPONT<br>and PARKSITE, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Docket No. 06-cv-89-P-S<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER ON MOTION IN LIMINE

Before the Court is the Joint Motion of E.I. DuPont de Nemours and Company and Parksite, Inc. in Limine to Exclude Evidence of Plaintiff's Damages. (Docket # 202.) In this Motion, Defendants assert that if all evidence of damages is excluded, NES will have no claims upon which relief can be granted and therefore judgment should be entered in favor of Defendants on all remaining counts. For the reasons briefly stated below, the Motion in Limine is GRANTED.

Through this Motion, Defendants seek to exclude all evidence of the damages claimed by Plaintiff New England Surfaces ("NES") in the remaining counts in this case. In essence, NES seeks damages in the form of lost profits based on the sale of DuPont products that NES budgeted for 2006 and loss of the value of the company (the "claimed damages"). NES states that two experts are prepared to testify regarding the profits allegedly lost and that there is documentation to support the claimed damages.

First, the Court notes that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Here, the claimed damages are irrelevant to the causes of action that remain in this case. Through motion practice, four of the original nineteen claims remain in this case:[1] fraud and misrepresentation (Count VI), negligent misrepresentation (Count VII), breach of the covenant of good faith and fair dealing (Count XII) and tortious interference with contractual rights and prospective economic interests (Count XIII). Further, in the Order on Motions for Summary Judgment (Docket # 196), the Court limited the scope of Counts VI, VII and XII to the conduct and representations surrounding DuPont's acquisition of NES's customer lists. In the same order, the Court granted summary judgment with regard to all claims relating to the June 2006 termination by DuPont of the distribution agreements between NES and DuPont.

Evidence of lost profits and loss of the value of the company due to lost DuPont sales, while relevant to any claims of unlawful termination of the distribution agreements, is simply not relevant to the claims that remain in this case. Plaintiff has failed to show how these claimed damages are relevant to the alleged misrepresentations regarding NES's customer lists or any interference with its customers. Therefore, in accordance with Rule 402, the Court GRANTS the Motion in Limine to exclude evidence of Plaintiff's damages.

Moreover, the opinions of NES's experts are based on data and documents related to the profits NES speculated that it lost in 2006 after the termination of the distribution agreements by DuPont in June of 2006. Defendants assert that the experts relied on sales budgets that are based on assumptions and speculation about future events, including that

---

[1] The Court will refrain from reiterating the detailed procedural and factual background of this case that can be found in the Order on Summary Judgment. (See Docket # 196.)

NES would have a product to sell after its termination and that the alleged misrepresentations caused NES to lose all of its budgeted sales of DuPont products in 2006. The Court agrees with Defendants that NES has failed to establish an adequate foundation for the admission of this expert testimony. See Quinones-Pacheco v. American Airlines, Inc., 979 F.2d 1, 6 (1st Cir. 1992) (upholding the exclusion of expert testimony where the expert's analysis was based on an unsupported assumption). The underlying documents and data are based on projections and guesswork that are inadequate to form the basis for the admission of this evidence.

In Plaintiff's Opposition to Joint Motion in Limine to Exclude Evidence of Plaintiff's Damages (Docket # 207), Plaintiff claims that punitive damages are available in the present action. Nonetheless, "punitive damages may only be awarded in situations when the fact-finder has also awarded compensatory damages." Rand v. Bath Iron Works Corp., 832 A.2d 771, 775 (Me. 2003).[2]

In short, the Court concludes that all of NES's proffered evidence with respect to damages is irrelevant and cannot support an award of damages on any of the remaining claims. On this basis, Defendants' Motion in Limine is GRANTED. (Docket # 202.) In light of this evidentiary ruling, the Court hereby ORDERS the clerk to enter JUDGMENT IN FAVOR OF DEFENDANTS on all remaining claims.

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 6th day of December, 2007.

---

[2] The Court notes that even an award of nominal damages would not allow NES to recover punitive damages. See Stacy v. Portland Publishing, Co., 68 M3. 279, 287-88 (1878); see also Hall v. Edwards, 138 Me. 231, 234 (Me. 1942).