UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NEW ENGLAND SURFACES<br>d/b/a DION DISTRIBUTORS,<br>INC.,<br><br>   PLAINTIFF<br><br>v.<br><br>E. I. DUPONT DE NEMOURS AND<br>COMPANY d/b/a DUPONT<br>and PARKSITE, INC.,<br><br>   DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL NO. 06-89-P-H<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER ON DEFENDANT E.I. DUPONT DE NEMOURS
### AND COMPANY'S MOTION TO DISQUALIFY

E.I. du Pont de Nemours and Company ("DuPont")'s motion to disqualify Peter J. Rubin is **DENIED**.[1]

The premise of the motion is that the recent appearance of Attorney Rubin (on behalf of the lawyers and law firm who have represented the plaintiff in this lawsuit) generated the recusal of Judge George Singal because of their friendship, and that DuPont has a right to avoid the recusal of Judge Singal because he is "the most appropriate judge [to] decide the Motion for Attorney's Fees." Mot. of the Def. DuPont to Disqualify Peter J. Rubin, at 4 (Docket Item 231). But there is no suggestion that the lawyers and law firm selected

---

[1] DuPont also moves to revoke the Order of Recusal of Judge Singal. I have no authority to revoke the recusal. If DuPont wishes to pursue that part of the motion despite my ruling on the disqualification, DuPont shall notify the court and the Clerk shall present that request to Judge Singal.

Attorney Rubin improperly.[2] Instead, the only evidence submitted is to the contrary, that they selected Attorney Rubin because of his past success in representing them and that they learned of the potential judicial disqualification only after calling Attorney Rubin and almost did not engage him on that account. See Aff. of Steven D. Silin, ¶¶ 3–5, attached to Opp'n to Mot. to Disqualify Counsel (Docket Item 235).

Moreover, the recusal is not disruptive of the proceeding. Judge Singal had already entered final judgment in the defendants' favor and the plaintiff had filed its appeal before DuPont filed the motion for attorneys' fees against the plaintiff's lawyers and law firm that prompted the appearance of Attorney Rubin on behalf of the lawyers and law firm.[3] Thus, the merits of the case are already resolved (subject to the court of appeals' ruling). Even when a single judge controls a case, it is not unusual for an attorneys' fees request to be assigned to a magistrate judge or master. See Fed. R. Civ. P. 54(d)(2)(D). Thus, there is no special prejudice in a different judge resolving the motion for attorneys' fees.

Separately, I asked counsel to brief the question of whether I should decide the motion for attorneys' fees while the plaintiff's appeal is pending. I am currently considering the parties' briefs on that issue and will render a decision soon.

---

[2] According to its legal memorandum, "DuPont has no evidence of and does not allege any improper purpose or motive on the part of Mr. Rubin or his clients." Id. at 4 n.1.
[3] At the conference of counsel on February 12, 2008 and in its most recent filing, Br. of Def. DuPont at 2 (Docket Item 241), DuPont clarified that its motion for attorneys' fees is intended to be against the plaintiff, New England Surfaces, as well as its lawyers.

2

**SO ORDERED.**

**DATED THIS 29TH DAY OF FEBRUARY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**